UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMUNITY MEDICAL CENTERS, INC., et al.,<br><br>    Defendants. | No. 2:24-cv-01669-DAD-CSK<br><br>ORDER GRANTING DEFENDANT UNITED STATES'S MOTION TO DISMISS PLAINTIFFS' CLAIMS BROUGHT AGAINST IT AND REMANDING THIS ACTION TO THE SOLANO COUNTY SUPERIOR COURT<br><br>(Doc. No. 5) |

This matter is before the court on the motion to dismiss filed by defendant United States of America on June 18, 2024. (Doc. No. 5.) On July 17, 2024, the pending motion was taken under submission on the papers. (Doc. No. 8.) For the reasons explained below, defendant United States's motion to dismiss plaintiffs' complaint will be granted, and this action will be remanded to the Solano County Superior Court to proceed on plaintiffs' claims brought against defendant Andy Yongde Zhu.

**BACKGROUND**

On October 23, 2023, plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 filed their complaint initiating this action against defendant Community Medical Centers, Inc. ("CMC") and defendant Zhu in the Solano County Superior Court, alleging that defendant CMC gave defendant

1

Zhu access to female patients despite knowing of Dr. Zhu's history of sexual harassment and predation. (Doc. No. 1 at 5.) Plaintiffs asserted the following seven claims against defendants CMC and Zhu in their complaint: (1) sexual battery in violation of California Civil Code § 1708.5, asserted against defendant Zhu; (2) negligent hiring, asserted against defendant CMC; (3) medical malpractice, asserted against all defendants; (4) negligence, asserted against all defendants; (5) premises liability, asserted against all defendants; (6) sexual harassment in violation of California Civil Code § 51.9, asserted against all defendants; and (7) gender violence in violation of California Civil Code § 52.4, asserted against defendant Zhu. (Doc. No. 1 at 10–14.)

Pursuant to 28 U.S.C. § 2679(d)(2), for any civil action commenced in state court, whereupon the Attorney General has certified that the defendant was acting within the scope of employment for the United States, such action may be removed to a district court at any time before trial. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743–45 (9th Cir. 1991). The United States is then substituted as the defendant. *Id.*; *see, e.g.*, *Davis v. Loo*, No. 1:20-cv-01096-DAD-JLT, 2020 WL 6582419, at *2 (E.D. Cal. Nov. 10, 2020). The proceeding is then "deemed a tort action brought against the United States under the" Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80 ("FTCA"). *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017).

Here, defendants filed a "Certificate Regarding Scope of Employment" through a designee of the United States Attorney for the Eastern District of California certifying that defendant CMC was a public or non-profit entity deemed by the Department of Health and Human Services to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g) and was acting as a covered person within the scope of its employment at the time of the alleged incidents giving rise to plaintiffs' claim. (Doc. No. 1-1.) Consequently, on June 11, 2024, this action was removed to this federal court pursuant to 42 U.S.C. § 233(c) and the United States was substituted as a defendant in place of defendant CMC.[1] (*See* Doc. Nos. 1, 3.)

---

[1] Defendant CMC was terminated as a named defendant in this action on June 11, 2024.

2

On June 18, 2024, defendant United States filed the pending motion to dismiss the claims brought against it due to lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 5.) Plaintiffs filed their opposition to the pending motion on July 2, 2024. (Doc. No. 6.) On July 12, 2024, defendant United States filed its reply thereto. (Doc. No. 7.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to "challenge a federal court's jurisdiction over the subject matter of the complaint." *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. 13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

## ANALYSIS

In its pending motion defendant United States argues that plaintiffs failed to exhaust their administrative remedies before filing suit against defendant United States as required by the FTCA, 28 U.S.C. § 2675(a). (Doc. No. 5-1.) Defendant United States does not specify whether in advancing this argument it is thereby mounting a facial or factual attack. The court notes that defendant United States submitted as an attachment to its pending motion a declaration from Meredith Torres, an attorney in the Office of the General Counsel of the Department of Health and Human Services ("the Department"), wherein attorney Torres states that there is no record in

3

any computerized database of an administrative tort claim filed by any of the plaintiffs with the Department. (Doc. No. 5-2 at ¶¶ 1–4.) However, defendant United States cannot be said to be "disput[ing] the truth of factual allegations that, by themselves, would otherwise invoke federal jurisdiction," *Safe Air for Everyone*, 373 F.3d at 1039, because plaintiffs have not alleged in their complaint that they exhausted their administrative remedies. Accordingly, the court construes the pending motion as bringing a facial attack under Rule 12(b)(1). Ultimately, and in any event, resolution of the pending motion does not depend on whether the attack is facial or factual, because plaintiffs do not dispute that they did not exhaust their administrative remedies prior to filing suit.

Instead, plaintiffs argue in their opposition that "[a]s of June 28, 2024, each plaintiff in this matter has filed an administrative tort claim form with the Department of Health and Human Services," and that this action should be stayed while those claims are pending review by the Department.[2] (Doc. No. 6 at 2–3.) Plaintiffs do not cite any authority in support of their position in this regard. Defendant United States argues in reply that subject matter jurisdiction is determined at the time of removal, that plaintiffs had not exhausted their administrative remedies under the FTCA at the time of removal, and that dismissal of their claims brought against the United States is therefore required. (Doc. No. 7.)

The court concludes that plaintiffs' claims asserted against defendant United States must be dismissed. "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *D.L.*, 858 F.3d at 1244. "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *Id.* (citing 28 U.S.C. § 2675(a)). Because "[f]ederal jurisdiction under the FTCA is determined at the time of removal," *id.* at 1246, and because plaintiffs concede that they only filed administrative claims after this action was removed to this federal court and

---

[2] The bulk of plaintiffs' opposition does not respond to the only argument advanced by defendant United States, i.e., that dismissal of FTCA claims is required where a plaintiff has failed to exhaust their administrative remedies. Instead, plaintiffs argue that they could not have discovered that their claims would fall under the scope of the FTCA until June 11, 2024, that the relevant statutes of limitations have not elapsed, and that equitable tolling is appropriate in this instance. (*See* Doc. No. 6 at 2–3.)

thereby failed to exhaust their administrative remedies, this court lacks subject matter jurisdiction over plaintiffs' claims brought against defendant United States. The pending motion to dismiss must therefore be granted. *See Martinez v. Kaweah Delta Med. Ctr.*, No. 1:21-cv-01601-EPG, 2021 WL 6118650, at *3 (E.D. Cal. Dec. 27, 2021) (concluding that "this Court is not free to stay the case until the HHS renders a decision because 'Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process'") (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)); *Boules v. United States*, No. 23-cv-08891-CBM-PVC, 2024 WL 4203832, at *7 (C.D. Cal. Sept. 16, 2024) ("The Court does not have subject matter jurisdiction over FTCA claims that are filed in federal court before the administrative claim is filed. A stay of proceedings cannot cure this lack of jurisdiction. Accordingly, the motion to stay is denied."); *Abbott on behalf of N.C.D. v. United States*, No. 19-cv-00014-TMB, 2020 WL 1845225, at *3 (D. Alaska Apr. 10, 2020) ("Here, the United States asserts and Plaintiff concedes that Plaintiff has not exhausted administrative remedies. . . . [A] stay to allow administrative exhaustion is improper here. Once a court determines that it lacks jurisdiction, 'the court must dismiss the action.'") (quoting Fed. R. Civ. P. 12(h)(3)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant United States argues that "this court should decline to exercise supplemental jurisdiction over the state-law claims against Dr. Zhu" and remand this action to the Solano County Superior Court. (Doc. No. 5-1 at 4.) Plaintiffs do not respond to this argument in their opposition. Because plaintiffs' only remaining claims will be their state law claims asserted against Dr. Zhu, the court will decline to exercise supplemental jurisdiction over these claims. Accordingly, this action will be remanded to the Solano County Superior Court. *See Medina v. United States*, No. 1:20-cv-01030-AWI-SKO, 2020 WL 6544497, at *2 (E.D. Cal. Nov. 6, 2020) ("[T]he Court lacks subject-matter jurisdiction over Plaintiffs' claims against the United States because Plaintiffs have not shown they complied with the exhaustion requirement under § 2675. . . . Because dismissing those claims extinguishes the only viable basis for federal jurisdiction, there is no reasonable basis for exercising jurisdiction over Plaintiffs' remaining state law claims

against the other named defendants.  Therefore, the Court finds it appropriate to remand the remainder of this action to state court."); *Martinez*, 2021 WL 6118650, at *4 (remanding the plaintiffs' remaining claims to state court after dismissing the plaintiffs' claims brought against the United States due to the plaintiffs' failure to exhaust administrative remedies); *Abbott*, 2020 WL 1845225, at *4 (same) (citing 28 U.S.C. § 1367(c)); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

## CONCLUSION

For the reasons explained above,

1. The motion to dismiss plaintiffs' claims brought against it filed by defendant United States (Doc. No. 5) is granted without prejudice;

2. This action is remanded to the Solano County Superior Court to proceed on plaintiffs' claims brought against defendant Andy Yongde Zhu; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 28, 2024**

  *Dale A. Drozd*
  DALE A. DROZD
  UNITED STATES DISTRICT JUDGE